IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN PFLIPSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:21-cv-97 |
| LEORS HOLDINGS, LLC d/b/a | ) | |
| BANDERA HEIGHTS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, RYAN PFLIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendant LEORS HOLDINGS, LLC d/b/a BANDERA HEIGHTS, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.    Plaintiff RYAN PFLIPSEN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

1

(Bexar County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7.     Defendant LEORS HOLDINGS, LLC d/b/a BANDERA HEIGHTS (hereinafter "BANDERA HEIGHTS") is a Texas for profit limited liability company that transacts business in the state of Texas and within this judicial district.

8.     BANDERA HEIGHTS may be properly served with process via its registered agent for service, to wit: Mark Fertita, 2678 Laurel Avenue, Beaumont, Texas 77702.

## FACTUAL ALLEGATIONS

2

9.      On or about November 19, 2020, Plaintiff was a customer at "Cici's Pizza" a business located at 7084 Bandera Road, San Antonio, Texas 78238, referenced herein as the "Cici's."

10.      BANDERA HEIGHTS is the owner or co-owner of the real property and improvements that the Cici's is situated upon and that is the subject of this action, referenced herein as the "Property."

11.      Plaintiff lives approximately 7 miles from the Cici's and Property.

12.      Plaintiff's access to the business(es) located at 7080 Bandera Road, San Antonio, Bexar County Property Identification number 1234725 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Cici's and Property, including those set forth in this Complaint.

13.      Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14.      Plaintiff intends to revisit the Cici's and Property to purchase goods and/or services.

3

15.     Plaintiff travelled to the Cici's and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Cici's and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Cici's and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

4

     (v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.    Congress explicitly stated that the purpose of the ADA was to:

     (i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

     (ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

     * * * * *

     (iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.    The Cici's is a public accommodation and service establishment.

22.    The Property is a public accommodation and service establishment.

23.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25.     The Cici's must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property must be, but is not, in compliance with the ADA and ADAAG.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the Cici's and the Property in his capacity as a customer of the Cici's and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Cici's and Property that preclude and/or limit his access to the Cici's and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit the Cici's and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Cici's and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Cici's and Property that preclude and/or limit his access to the Cici's and

Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Cici's and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.     Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Cici's and Property, including those specifically set forth herein, and make the Cici's and Property accessible to and usable by Plaintiff and other persons with disabilities.

31.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Cici's and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Cici's and Property include, but are not limited to:

(a)     **ACCESSIBLE ELEMENTS:**

(i) Near GCAM Plasma, the Property lacks an accessible route from accessible parking space to the accessible entrance of the Property in violation of section

7

208.3.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(ii) Near GCAM Plasma, the accessible parking space does not have a properly marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iii)   Near Unit 7022, the accessible parking spaces do not have a properly marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iv)   Near Unit 7022, due to the lack of a nearby accessible ramp, the Property lacks an accessible route from accessible parking spaces to the accessible entrance of the Property in violation of section 208.3.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(v) Near Unit 7030, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)   Near Unit 7030, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the

2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vii)  Near Unit 7030, the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii)  Near Unit 7030, the accessible parking space is missing a proper identification sign in violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(ix)  Near Unit 7030, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(x) At the accessible entrance to Unit 7030, the maneuvering clearance of the accessible entrance is not level in violation of section 404.2.4 of the 2010 ADAAG Standards. This violation would make it dangerous and difficult for Plaintiff to access Unit 7030.

(xi)  There is an excessive vertical rise exceeding ¼ inch leading to the doorway to Unit 7030 in violation of Section 303.2 and 405.4 of the 2010 ADAAG

standards. This violation would make it dangerous and difficult for Plaintiff to access Unit 7030.

(xii)   At the accessible entrance to Unit 7038, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of section 404.2.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

(xiii)   At the accessible entrance to Unit 7040, the maneuvering clearance of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access Unit 7040.

(xiv)   There are changes in level at Property exceeding ½ (one-half) inch that are not properly ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 1 1/2 inch vertical rise at the entrance to Unit 7044, thus rendering the interior of the Property inaccessible at this unit. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xv)   At the accessible entrance to Unit 7044, the maneuvering clearance of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xvi)   The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant(s) violates section 216.6 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to find an accessible entrance.

(xvii)   The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards.

(xviii) There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(xix)   Across from Hobby Lobby, one or more access aisles are not wide enough and are in violation of section 502.3.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xx)    Near Unit 7062, there is at least one accessible parking space that does not have a properly marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xxi)   Near Unit 7062, the accessible parking spaces is not located on the shortest distance to the accessible route leading to the accessible entrances in violation

11

of section 208.3.1 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xxii)  Across from Unit 7068, the access aisle to the accessible parking space is not wide enough (below 60 inches in width) and is in violation of section 502.3.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxiii) There are changes in level at Property exceeding ½ (one-half) inch that are not properly ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 1 1/2 inch vertical rise at the entrance to Unit 7068, thus rendering the interior of the Property inaccessible at this unit. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxiv) At the accessible entrance to Unit 7068, the maneuvering clearance of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xxv)  Near Unit 7076, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxvi) Near Unit 7076, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xxvii) Near Unit 7076, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of section 502.4 and 406.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxviii)      Near Unit 7076, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxix) There are changes in level in the Property exceeding ½ (one-half) inch that are not accessible ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 1 1/2 (one and one half) inch vertical rise at the accessible entrance of Unit 7076, thus rendering the interior of the Property, at best, dangerously accessible, at worst, totally inaccessible at this unit. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxx)  There are changes in level at Property exceeding ½ (one-half) inch that are not properly ramped in violation of section 303.4 of the 2010 ADAAG

standards. Specifically, there is an approximately 2 (two) inch vertical rise at the entrance to Unit 7080, thus rendering the interior of the Property inaccessible at this unit. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxxi) At the accessible entrance to Units 7076 and 7080, the maneuvering clearance of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xxxii) The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(xxxiii)    In front of Pronto Insurance, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxxiv)    In front of Pronto Insurance, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xxxv) In front of Pronto Insurance, the access aisles is not wide enough and is in violation of section 502.3.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxxvi) In front of Pronto Insurance, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxxvii) In front of Pronto Insurance, due to the presence of a gap, there is an excessive vertical rise at the top of the accessible ramp in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xxxviii) At the accessible entrance to Unit 7094, there is an excessive vertical rise along the accessible route or path in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xxxix) At the accessible entrance to Unit 7096, there is an excessive vertical rise along the accessible route or path in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xl) In front of Unit 7096, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation

of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xli)   In front of Unit 7096, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xlii)   In front of Unit 7096, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xliii) There is not a continuous accessible route connecting two separate buildings on the same parcel between Units 7084 and 7086.  This is a violation of section 206.2.2 of the 2010 ADAAG Standards.  This violation would make it difficult for Plaintiff to access all the units in the Property.

(xliv)  Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

32.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Cici's and Property.

33.    Plaintiff requires an inspection of Cici's and Property in order to determine all of the discriminatory conditions present at the Cici's and Property in violation of the

ADA.

34.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.      All of the violations alleged herein are readily achievable to modify to bring the Cici's and Property into compliance with the ADA.

36.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Cici's and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Cici's and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38.     Upon information and good faith belief, the Cici's and Property have been altered since 2010.

39.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Cici's and Property, including those alleged herein.

41.     Plaintiff's requested relief serves the public interest.

42.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Cici's and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Cici's in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Cici's to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 3, 2021.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com